UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY COYLE,

                Plaintiff,

      -against-

THE HOME DEPOT U.S.A., THE HOME
DEPOT, INC., and TRICAM INDUSTRIES,
INC.,

                Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 12-66

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ OCT 07 2013 ★
LONG ISLAND OFFICE

APPEARANCES:

   BRODY, O'CONNOR & O'CONNOR
   BY: SCOTT BRODY, ESQ.
   Attorneys for Plaintiff
   1350 Avenue of the Americas, 24th Floor
   New York, New York 10009

   LEWIS BRISBOIS BISGAARD & SMITH, LLP
   BY: DAVID M. POLLACK, ESQ., MICHAEL N. GIACOPELLI, ESQ.
   Attorneys for Defendants
   77 Water Street, Suite 2100
   New York, New York 10005

WEXLER, District Judge

      This is a personal injury lawsuit that was removed to this court from the Supreme Court of the State of New York, County of Nassau. Jurisdiction is based upon diversity of citizenship. Plaintiff's claims arise out of injuries allegedly sustained when he fell from a ladder on November 8, 2008. The ladder was manufactured by Defendant Tricam Industries and sold by the Home Depot Defendants. Plaintiff's amended complaint sets forth causes of action in negligence, breach of warranty and strict products liability. Presently before the court are the parties' cross-

motions for summary judgment.

## Disposition of the Motions

In support of their cross-motions for summary judgment, each party claims that the opposing party's expert witness may not testify under Rule 702 of the Federal Rules of Evidence, and the standards set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which now codifies the holdings of Daubert. See Fed. R. Evid. 702 (comments to 2000 amendments); Campbell v. Metro. Prop. & Cas. Ins. Co., 239 F.3d 179, 184 (2d Cir. 2001).

Rule 702 provides:

> If, scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

The admissibility of expert testimony under Rule 702 is a preliminary question of law for the district court to determine pursuant to Federal Rule of Evidence 104(a). See Daubert, 509 U.S. at 592. District courts have broad discretion when determining whether or not to admit expert testimony. United States v. Feliciano, 223 F.3d 102, 120 (2d Cir. 2000). The Supreme Court set forth the following non-dispositive, non-exclusive factors as "flexible" guidelines in Daubert: (1) whether the theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of

error associated with the technique along with the existence and maintenance of standards controlling the technique's operation; and (4) whether the technique or theory has been generally accepted in the scientific community. Daubert, 509 U.S. at 592-95; see Campbell, 239 F.3d at 185.

The Second Circuit has instructed that expert testimony should be excluded "if it is speculative or conjectural, or if it is based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison." Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, 571 F.3d 206, 213-14 (2d Cir. 2009), quoting, Boucher v. United States Suzuki Motor Corp., 73 F.3d 18, 21 (2d Cir.1996) (internal quotations and citations omitted). That court states further that "other contentions that the assumptions are unfounded go to the weight, not the admissibility, of the testimony." Id.

The court has reviewed the parties' submissions and cannot conclude that the opinions expressed by the parties' experts fall below the threshold established by Rule 702 and Daubert. Accordingly, the court denies the cross-motions to exclude expert testimony. The denial of these motions, along with the presence of questions of fact as to how the accident occurred, further requires a denial of the cross-motions.

In addition to seeking summary judgment on the grounds set forth above, Defendants move for judgment as to Plaintiff's breach of warranty claims. Plaintiff does not appear to dispute this motion. To the extent that Plaintiff concedes that his breach of warranty claims are time-barred, they will be dismissed prior to the commencement of trial, which is presently scheduled for November 12, 2013.

3

<u>CONCLUSION</u>

For the foregoing reasons, the cross-motions for summary judgment are denied. The Clerk of the Court is directed to terminate the motions filed under docket numbers 30 and 32. Jury selection and trial of this matter will go forward as scheduled on November 12, 2013 at 9:30 A.M.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
October 7, 2013